## MORTENSON v. WESTERN LIGHT & TELEPHONE CO.

### No. 42.

District Court, S. D. Iowa, W. D.
Nov. 10, 1941.

320

J. Arthur Williams, of Council Bluffs, Iowa and R. B. Hasselquist, of Omaha, Neb., for plaintiff.

Karl F. Geiser and Oscar E. Johnson (of Tinley, Mitchell, Ross, Everest & Geiser), both of Council Bluffs, Iowa, for defendant.

DEWEY, District Judge.

This action was brought to recover under the provisions of the Fair Labor Standards Act 1938, 29 U.S.C.A. § 201 et seq.

The action came on for hearing in open court at Council Bluffs, Iowa, on its merits on the 22nd day of October, 1941, and the same was submitted upon written briefs.

### The Issues.

The defendant is a corporation engaged in the business of owning and operating a telephone system in the State of Iowa and the plaintiff was employed by the defendant as manager at Dows City and Charter Oak, Iowa. He was manager and had charge of the maintenance and operation of the two plants and did practically all of the maintenance labor himself, but in cases of emergency and where extra employment was needed he had authority to engage such labor as was necessary to carry on the work. He was employed at a wage of $100 a month. He claimed that from October 29, 1938, to March 21, 1941, he put in more hours than was permitted by the above Act and that the aggregate amount

of overtime unpaid during such period totalled $593.62.

1st. Plaintiff has failed to establish that he did the work as claimed by him in his petition.

The evidence establishes that the plaintiff kept his records at his home where he maintained a room with a desk and papers and that he did work thereon in the evenings. Part of his duties was to make out daily reports; one, being a record of the time he had worked during that day, and the other, a report showing the amount and kind of material that had been used.

All of the daily work reports, material reports, and payrolls were signed or authorized to be signed by the plaintiff. None of them showed any overtime work for which the recovery is now sought. After the Fair Labor Standards Act went into effect the plaintiff began to keep a secret report of his own as to the time that he had put in at his home in the evenings, and it is upon this secret accounting that he now seeks a recovery. By secret accounting is meant that it was kept by him privately and was never revealed to his employer until after his relations with the defendant company were severed and the company at no time knew that he was claiming to be working over hours and he never made any statement to them to that effect prior to his leaving the company.

As manager of the plant he planned and controlled the time for his own work and the fact that he worked at times outside of the ordinary work period would not in and of itself prove that he had worked overtime. His own evidence does not satisfactorily establish that he could not have done this work in the daytime if he had cared to do so.

The statements of the plaintiff that his duties required work in the evenings is more than offset by the evidence of Mr. Cue, the manager of the plants since the plaintiff quit on or about March 1, 1941, that he has had no trouble in doing all the work, including the making of reports, without any overtime.

Plaintiff does not go into specific details as to the nature of the daily work that kept him from having time to make out his daily reports and other accounting work within the prescribed hours made necessary by the Act.

His testimony in this regard is impeached in several particulars and I am satisfied that if his work was so heavy that he could not finish in the daytime that the amount of overtime work is so speculative and uncertain from the evidence that a proper basis for determination of such overtime, if any there was, cannot be determined with any degree of certainty.

Taking his evidence in connection with his regular signed statements made daily as to the amount of his work, and the entire evidence in the case, I am satisfied that the plaintiff has not met the requirement that he establish such overtime work by a preponderance of the evidence.

2nd. The plaintiff has not established that the work which he claims in his petition to have done was work that was ordered, suffered, required, or permitted by his employer to be done outside of regular work hours or as overtime work.

Interpretative Bulletin No. 13, received in evidence, defines what constitutes the hours worked by an employee. It provides: "As a general rule, hours worked will include all time during which an employee is required to be on duty or to be on the employer's premises or to be at a piece work place, and all time during which an employee is suffered or permitted to work whether or not he is required to do so."

Plaintiff claims that he did not report the time employed in making out his daily reports because he understood from a bulletin issued by the company on March 1, 1935, that the time spent on daily work reports was not to be reported. The statement in the bulletin, which was in the nature of a "Note", was as follows: "Note: Time spent on daily work reports is negligible and should not be specified."

This bulletin was published in an effort to comply with governmental requirements that the time employed by employees of the company should be kept under a code system of accounting and was issued long prior to the effective date of the Fair Labor Standards Act and had no reference thereto.

If there could have been any mistake about the above statement it was put at rest by other bulletins of the company, dated Feb. 20, 1939, and March 6, 1939, and personal instructions from the managers of the company that employees were not to work or report more than 44 hours a week, and in cases where the work would require more than that they were to call the district manager and get his permission.

The plaintiff does testify that about the time these later bulletins were put out the district manager told him that in emergencies all overtime must be done but not recorded. This statement is categorically denied by the district manager and is so out of line with probabilities and the evidence that I give it no credence. Witnesses for the defendant engaged in like work stated that these daily reports would average about 15 minutes a day.

A claim that a company through its officers made a secret agreement not to report overtime work is a serious charge and one that should not be permitted to stand on a mere statement by an employee who after leaving such company's employment seeks overtime.

3d. Plaintiff in daily reporting over his own signature the amount of time employed by him daily and permitting his employer to act thereon, without any knowledge of the falsity of such reports, is estopped from now claiming that such daily reports were incorrect.

The plaintiff knew that the company was endeavoring to keep their records so that if they should come within the provisions of the Fair Labor Standards Act that all duties required by it under the Act had been performed. Notwithstanding this knowledge on his part, it is his claim that he entered into an arrangement or understanding with the company that he would assist the company in making false reports to the administrative office of the Fair Labor Standards Act. Such action on his part would not only be dishonest but would subject him to prosecution as a principal in the failure of his employer to make and return accurate reports of the wages and hours of the employees of the company.

While there is no doubt of the sound principle of law that if an employer and employee agree that the wages to be paid were less than those permitted by the Act, it would not be binding as against the employee as the Act is for the general good of society and cannot be defeated by private agreements; yet no court has held, and I do not believe that any court will hold, that an employee can, without permission or knowledge of his employer, make incorrect reports as to his daily services and permit the employer to act as though such reports were honestly made and thereafter take advantage of this situation and claim that the false reports so made can be corrected. All of the elements of an estoppel are present in this case.

4th. The defendant admits that from the daily work reports submitted by the plaintiff that there is overtime due the plaintiff in the aggregate amount of $43.77 and that the plaintiff is entitled to an additional amount equal as penalty and costs incurred to the date of the filing of its amended and substituted answer.

## Conclusions of Law.

From the foregoing, I find:

1st. That the plaintiff has failed to establish by a preponderance of the evidence that he performed the services for which he is claiming overtime.

2nd. That the plaintiff has failed to establish by a preponderance of the evidence that the work which he claims in his petition to have done was work that was ordered, suffered, or permitted to be done outside of regular work hours or as overtime work.

3d. That if the plaintiff did work overtime that he is now estopped from so claiming.

4th. The defendant having admitted that the plaintiff is entitled to certain overtime different from that claimed by him in his petition, and for which no claim is made in the petition, in the amount of $43.77, and an additional amount as penalty and costs to the date of the filing of the amended and substituted answer, that plaintiff is therefore entitled to a judgment as against the defendant for the sum of $111.54 and the costs of this suit to October 21, 1941, but all costs thereafter made are to be taxed to the plaintiff.

5th. As the amount admitted due the plaintiff by the defendant in its substituted answer is not any amount claimed by the plaintiff in his petition but entirely separate therefrom, I find that the plaintiff is not entitled to attorney fees, as this judgment was not obtained through their efforts on the claim of the plaintiff made out in his original complaint, but entirely on an admission of the defendant, and the claim of plaintiff for attorney fees is therefore denied.

The Clerk will therefore enter the following order:

The above entitled action having come on for hearing in open court on its merits, and the court having found that the plaintiff is

entitled to recover $111.54 and the costs of the suit to October 21, 1941,

Judgment will be entered in favor of the plaintiff and against the defendant for said amounts, and all costs subsequent to October 21, 1941, to be taxed to the plaintiff. George A. Mortenson excepts.