Cowgill & Popham and Sam Mandell, all of Kansas City, Mo., for plaintiff.

Myer M. Rich, of Kansas City, Mo., for defendant.

REEVES, District Judge.

This is a suit to recover a claimed liability under the Fair Labor Standards Act of 1938 and specifically for alleged overtime compensation. The suit is under Section 216, Title 29 U.S.C.A. This section provides: "(b) Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee * * * affected in the amount of" * * *

as "unpaid overtime compensation." The damages are fixed by the statute.

Plaintiff was an employee of the defendant at the time of the enactment of the Fair Labor Standards Act. He was being compensated upon a weekly salary basis.

It is his contention that he worked each week a number of hours in excess of that prescribed as the maximum hours by Section 207 of said title 29. During the time of plaintiff's services he alleges that he worked overtime in the aggregate of 900 hours and that, computing his hourly wage on the basis of his weekly salary at 90 cents an hour, he was entitled to $810, an equal amount as a penalty or liquidated damages, and he claims an attorney's fee in the same amount. He therefore sues for an aggregate amount of $2,430.

The defendant in its answer challenges the jurisdiction of the court, denies that the plaintiff's employment was within the terms of the act, asserts that the plaintiff was in an executive capacity, and concludes the answer by asserting that the plaintiff did not work at any time beyond the time prescribed for a legal work week.

The testimony on the part of plaintiff tended to show that he worked beyond the hours prescribed in his employment and that, particularly on Wednesday afternoons, by a special arrangement, he came back to defendant's place of business to perform extra service. This extra service was the closing of the doors of the defendant's factory at 7 P. M. For the expenses attendant upon such alleged duty, the plaintiff was paid $1.50 per week as an extra.

The testimony on behalf of the defendant was to the effect that the plaintiff had been forbidden to engage in any overtime work. This inhibition extended to all employees of the defendant. The president of the company said that he had instructed the plaintiff not to work overtime and had asked him to forbid overtime work by any other employees.

The closing hour was 3 o'clock in the afternoon. The plaintiff said that he returned at 7 o'clock to close the doors and contends that he was entitled to compensation during the intervening period.

The evidence on the part of the defendant tended to show that the plaintiff left with other employees promptly at 3 o'clock each afternoon. No card record was kept of plaintiff's hours although he did have the card numbered 309 used by him occasionally after May, 1940. This card was the number assigned to Miss Tigerman, who left the employ of the defendant about that time. The evidence relating to plaintiff's alleged overtime was derived from his recollection. Entries had been made upon the appropriate records from his subsequent statements as to his hours.

Other facts, if they become pertinent, will be stated in the course of this memorandum opinion.

■ 1. On the question of jurisdiction, Section 216 clearly provides that "action to recover such liability may be maintained in any court of competent jurisdiction." It has been held that the original jurisdiction of this court extends to a case of this character, perforce paragraph 8, Section 41, Title 28 U.S.C.A., as follows:

Sec. 41 "The district courts shall have original jurisdiction as follows: * * *

"(8) Suits for violation of interstate commerce laws. Eighth. Of all suits and proceedings arising under any law regulating commerce."

This being a proceeding arising under a law regulating commerce, the federal court has jurisdiction without regard to the amount in controversy or a diversity of citizenship. The defendant's challenge to the jurisdiction of the court is not justified. Robertson v. Argus Hosiery Mills, 6 Cir., 121 F.2d 285.

2. The issue on the trial was whether the plaintiff did any overtime work, and, if so, whether the defendant was apprised thereof and consented thereto and accepted the benefits.

The president of the company, Hyman Gordon, testified positively and without contradiction that he had forbidden the plaintiff and all other employees from working overtime. Both in the deposition of the defendant and at the trial Mr. Gordon gave such testimony. For instance, in his deposition which was offered, he said in answer to the question: "Was it necessary for Mr. Stein to work more than forty hours a week this year while he was with you?" (Answer) "No sir, I have given him strict instructions for him not to work any more and not to let anybody else work overtime unless he come and get a special permit from me."

It was not contended that a permit to work overtime was ever obtained and moreover it was the positive testimony of Mr. Gordon that the plaintiff did not in fact

work overtime. The evidence on behalf of the plaintiff was uncertain save only on his contention that he was entitled to overtime compensation from 3 o'clock on Wednesday afternoons until 7 o'clock, when he returned to the place of business to close the doors. He relies in this contention upon the case of Travis v. Ray, D.C., 41 F.Supp. 6. In that case the claimant was a bus driver. The court held that the driver was entitled to complete overtime "where driver was expected to be on the job during such periods which were not long enough to permit him to go elsewhere or to engage in other activities." In the instant case the plaintiff was not expected to be on the job but, under a voluntary arrangement with the president of the company, he returned to the place of business at a regular time to close the doors. The president testified that the plaintiff volunteered to do that because at that hour after dinner he wanted to take his family for a drive and this constituted a part of his recreation or diversion. The defendant allowed him $1.50 to cover expenses occasioned by the voluntary act. It only involved the service of a few minutes.

3. The plaintiff regularly drew his compensation and prepared the checks for himself as well as for other employees. He made no claim for compensation covering overtime until after he had left his employment.

There was some testimony to the effect that during the time of his employment, however, the plaintiff was engaged in laying the foundation for a claim for overtime under the statute. Plaintiff is a lawyer. He is admitted to practice law in the states of Texas and Kansas, and at one time applied for admission to the bar in the state of Missouri. He has not, however, been admitted to practice in that state. He was familiar with the law and knew what his rights were. His position was far different from that of the usual employee.

In view of that fact, plaintiff's record of any overtime should have been accurately kept. And, moreover, the defendant, in view of its positive instructions, should have been apprised of such extra services or labor. Plaintiff is only entitled to recover where the employer "violates the provisions of Section 206 or Section 207." Under all of the evidence, both for the plaintiff as well as for the defendant, the defendant never violated the provisions of the law within the contemplation or purview of the law.

In view of the foregoing the plaintiff is not entitled to recover and judgment will be entered for the defendant. Counsel for the defendant will prepare an appropriate journal entry.