**MAYES et al. v. SEWELL HATS, LIMITED.**

Civ. A. No. 2370.

District Court, N. D. Georgia, Atlanta Division.

June 26, 1942.

Ivey & Nathan, of Atlanta, Ga., for plaintiff.

O. C. Hancock and C. R. Wheeless, both of Atlanta, Ga., for defendant.

RUSSELL, District Judge.

Upon consideration of the alleged errors presented as grounds of motion for a new trial, it is determined that the motion should be denied and a new trial refused.

Only the grounds complaining of the charge of the court present any substantial question. These are predicated upon that portion of the charge of the court to the jury that it was necessary "for each of the plaintiffs to show you by a preponderance of the evidence their right of recovery of any amount to which they are entitled under the provisions of the Fair Labor Standards Act [29 U.S.C.A. § 201 et seq.], and this must be shown by definite and credible testimony, and no legal finding could be made by you in their favor unless you determine from the evidence that in each and every week of the period of time for which over-time compensation is claimed by each of the plaintiffs, such plaintiff worked at least the minimum number of hours contended for, for unless this be determined on this basis any other finding would be speculation or guess work, which is not sufficient to authorize a recovery in this case."

Conceding for the purpose of discussion that the evidence for the plaintiffs was sufficiently definite to support any finding, it is clear that such could have been supported only upon the basis outlined by the court in the charge. Neither of the complaining plaintiffs kept any records. nor attempted to state any definite number of

hours worked in any specified week, they predicating their case by their pleadings and evidence upon the claim of at least a certain minimum number of hours in each and every week during the period of their employment. The defendant denied any over-time had been worked. There was no credible basis for any verdict except either for the plaintiffs in toto or for the defendant.

It may be added that no complaint was presented by the plaintiffs at the time of the trial, either to the instruction of the court or the form of findings submitted by the court to the jury. Furthermore, the proposed findings submitted by counsel for the plaintiffs that "We the jury find that (plaintiff) worked for the defendant, Sewell Hats, Ltd. ——— hours overtime each week during the period of her employment", differs from that submitted by the court, and upon which the charge now objected to was based, only in that it permitted an arbitrary finding of overtime hours worked. For the reasons stated, any such finding would find no support in the evidence.

The court reaffirms its ruling made during the trial with reference to the claims asserted by the intervenor Anderson.

The motion for a new trial is denied.