## Clevenger v. W. M. Ritter Lumber Co.

June 22, 1943.

J. B. Wall and Ward & Ward for appellant.

Craft & Stanfill for appellee.

OPINION OF THE COURT BY JUDGE REES—Affirming.

B. W. Clevenger, a former employee of W. M. Ritter Lumber Company, brought this action on August 20, 1941, to recover overtime compensation under the wage and hour provisions of the Fair Labor Standards Act of 1938. 29 U. S. C. A., sec. 201 et seq. He alleged in his petition that the defendant, W. M. Ritter Lumber Company, was engaged in interstate commerce and operated a lumber and logging camp in Perry county, Kentucky; that he was employed as cook in the logging camp of the defendant from April 15, 1939, to December 20, 1940, and, under his contract of employment, was to be paid at the rate of 39c an hour 42 hours a week; that during the period of his employment he worked 104 hours a week, but was paid for only 42 hours; and that in all he worked overtime 5,374 hours. He sought to recover at the rate of 58½c an hour for the overtime, or the sum of $3,143.79, and a like amount as liquidated damages, and $500 attorney's fee, or a total of $6,787.58. The case

was submitted to the jury on instructions prepared and offered by the plaintiff, and the jury returned a verdict for the defendant. In his motion for a new trial plaintiff relied upon two grounds: (1) Error of the court in permitting incompetent evidence to be introduced by the defendant over the plaintiff's objection; and (2) insufficiency of the evidence to sustain the verdict.

On this appeal it is casually suggested that the trial court permitted incompetent evidence to go to the jury over appellant's objection, but no such evidence is pointed out and we find none.

On the only issue presented, counsel for appellant in their brief merely say the verdict is flagrantly against the evidence without referring to or discussing the large volume of evidence introduced by appellee to contradict the testimony of appellant, which was vague and indefinite. He testified that he kept no books, but he claimed that he went to work about 3 o'clock in the morning and worked until 7:30 or 8 o'clock at night for five days a week and at least six hours each day on Saturday and Sunday, and that he worked an average of 104 hours each week until he was discharged in December, 1940. He admitted that he was absent on many occasions, and that his wife was also employed as a cook during the period from April 15, 1939, to December 20, 1940, and that she was paid each week for 42 hours' work. The proof for the company showed that a man was employed to build fires in the kitchen and the cook stoves, and that he built the fires at 4:30 o'clock each morning. Clevenger would remain in bed until 5 o'clock and would serve breakfast about an hour later. The company's records show that an average of 14 or 15 men ate in the dining room each day but at many meals only 4 or 5 were present. Appellant owned an automobile and there was proof that he drove it about 900 miles a month during the time he was at the camp. He made numerous trips to neighboring towns and carried passengers for hire. The company contracted with him and his wife to do the cooking at the camp with the understanding that neither should work more than 42 hours a week, and that they should divide the time to suit their convenience. Two women who had been employed as the cooks prior to the employment of appellant testified that they did the same work performed by appellant and his wife and were never required to work as much as six hours a day.

In an action under the Fair Labor Standards Act for overtime compensation, liquidated damages, and attorneys' fees the burden is upon the plaintiff to establish the fact that he worked overtime and also the amount of overtime work each week. Prins v. Skaff, D. C., 47 F. Supp. 430; Stein v. Gordon Bros. Mfg. Co., D. C., 43 F. Supp. 249; Mortenson v. Western Light & Telephone Co., D. C., 42 F. Supp. 319; Johnson v. Dierk's Lumber & Coal Co., 8 Cir., 130 F. (2d) 115; Wilkinson v. Noland Co., D. C., 40 F. Supp. 1009; Jax Beer Co. v. Redfern, 5 Cir., 124 F. (2d) 172; Lowrimore v. Union Bag & Paper Corporation, D. C., 30 F. Supp. 647; Hunt v. National Linen Service Corporation, 178 Tenn. 262, 157 S. W. (2d) 608. Appellant failed to meet that burden. He received and accepted without protest the pay called for in his contract of employment, and after a long delay sues to recover compensation for overtime and penalties. He is unable to furnish convincing proof of the number of hours he actually worked each week. The company paid him at the rate of 39c an hour for 42 hours a week until October 24, 1940, the effective date of the provision of the Federal Wage and Hour Law prohibiting the employment of a person for a work week longer than 40 hours unless the employee receives compensation for his employment in excess of 40 hours a week at a rate not less than one and one-half times the regular rate at which he is employed. 29 U. S. C. A., sec. 207. After October 24, 1940, appellee paid appellant at the rate of 58½c an hour for two hours overtime each week. The evidence for appellant is very similar in character to the evidence for the plaintiff in Mortenson v. Western Light & Telephone Co., D. C., 42 F. Supp. 319, where it was held the plaintiff failed to establish by a preponderance of the evidence that he had performed services for which overtime compensation was claimed and the amount of overwork, if any there was, was so speculative and uncertain from the evidence that it could not be determined with any degree of certainty. There was ample evidence to sustain the verdict in favor of the defendant. Appellant's claim clearly was an afterthought, and illustrates the possible abuses to which the act is subject.

The judgment is affirmed.