**In re INTERSTATE MAGAZINE HAULING CORPORATION.**

**No. 82111.**

District Court, S. D. New York.

Oct. 25, 1943.

---

[1] Perkins v. Brown et al., D.C., 53 F. Supp. 176.

Philip Gelfand, of New York City, for petitioner (claimant).

Sidney Moerman of New York City (Sidney Moerman and Philip F. Schneider, both of New York City, on the brief), for debtor.

CONGER, District Judge.

This is a petition to review the order dismissing the claim of Joseph L. Wilheim against the debtor corporation in proceedings under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq.

The claim amounting to $7,199.07 is for overtime and liquidated damages pursuant to the provisions of the Fair Labor Standards Act, 29 U.S.C.A., § 201 et seq. The claimant has filed an itemized verified statement showing in detail the hours he worked each day, including the alleged overtime hours. The period for which he is claiming began on February 25, 1941 and ended on May 21, 1943. The claimant contends that he was the bookkeeper for the debtor. The debtor objected to the claim of petitioner, chiefly on the ground that claimant was exempt under the terms of the Fair Labor Standards Act by reason of the fact that he was employed in an executive capacity as defined by said act.

A rather lengthy trial was had before the Referee in Bankruptcy who, thereafter, decided against claimant on the ground that he had failed to sustain the burden of proof

as to his claim by any definite evidence, and on the further ground that the claimant was an employee exempt from the operation of the Fair Labor Standards Act.

As to the first proposition, claimant has the burden of proof. The filing of the verified and itemized statement of claim, while it is some evidence of its correctness and may be sufficient to carry the burden of proof over formal objection, unsupported by evidence, the burden is always upon the claimant; when substantial evidence is brought forward to dispute its correctness, the question is on the entire case including the sworn statement. Alexander v. Theleman, 10 Cir., 69 F.2d 610, and see Rasmussen v. Gresley, 8 Cir., 77 F.2d 252.

As a matter of fact, giving the sworn statement the value that it is entitled to, the burden is still on the claimant to prove this branch of the case. Even on claimant's testimony alone, the referee may still find that the debtor has not met the burden imposed upon him. That is undoubtedly what the referee did in this case to a certain extent. He apparently even on claimant's story was not convinced that a case had been made out. He stated in his opinion— "and the claimant while on the stand and subject to interrogation, not only by the attorney for the claimant but also for the Referee, did not impress the undersigned with the reliability of his testimony."

Claimant was employed by the debtor at a salary of $35 per week, commencing in February 1941, which salary was subsequently increased to $60 per week. It is apparent from the referee's decision and from his findings of fact that he was convinced that claimant had spent beyond 40 hours per week working on the premises of the debtor, but that he failed to produce any definite evidence to support or sustain his claim for the alleged overtime. After all, this was a question of fact. I cannot say that in coming to this conclusion the referee was clearly erroneous. The referee was better qualified to pass on the credibility of the witnesses and the value to be attached to their testimony than the reviewing judge. The referee has seen the witnesses and heard them testify. All the reviewing judge sees is the printed page.

A review of the testimony convinced me that there is substantial justification in the evidence for the referee's finding. Claimant testified that he made up his verified claim from scraps of paper upon which he

kept a record of the hours he worked. These were never shown to the officers of the debtor, and were not shown to his own attorney and were destroyed by him not long before he made his claim. On the other hand, he testified that he kept a record for the debtor, showing hours worked by all of the debtor's employees, including their overtime, but that he kept no record in the debtor's books of his own working hours. There is evidence that he never made any claim for overtime. This is disputed, however, by claimant. The referee apparently believed the officers of the debtor and not the claimant.

On one occasion, an investigator from the Wage and Hour Division of the Department of Labor visited the debtor's premises to check up the hours of work of debtor's employees. At that time claimant assisted in the investigation. The investigator examined the books and records of the debtor, including the payroll book. He also examined into the payroll of claimant. At that time (concededly at a time for which this claimant is now claiming overtime) claimant made no statement to the investigator that there was any deficiency in payments to him. He made no claim to the investigator at that time that there were overtime monies due him.

The courts have been loath to give credence to this type of testimony in an issue of this kind. Wilkinson v. Noland Co., Inc., D.C., 40 F.Supp. 1009; Mortenson v. Western Light and Telephone Company, D.C., 42 F.Supp. 319; Sauls v. Martin, 45 F.Supp. 801.

■ True, claimant is under no obligation to report or claim pay for overtime hours before bringing suit; still his failure to so do may have great weight in the consideration of his claim, and no doubt, may raise a question as to his credibility.

The referee was not convinced as to claimant's proof of the number of hours he worked per day or per week. The referee cites Sauls v. Martin supra, and states in his opinion that the circumstances of this case are paralleled to those set forth in the above case.

■ I also conclude from the referee's decision and findings that the amount of overtime work claimed herein was so speculative and uncertain from the evidence that a proper basis for determination of such overtime could not be determined with any degree of certainty. Under the circumstances I feel that I should sustain the finding of the referee on this branch of the claim.

■ In view of my finding above, the question as to whether or not claimant was in the exempt class becomes moot. I feel, however, that there was substantial evidence upon which the referee could base his finding, although the burden on this branch of the controversy falls upon the debtor. There is a sharp conflict of testimony here. The referee found against the claimant on the issue of fact. I see no reason to differ with him. I feel it unnecessary to enumerate the various acts of claimant's which, undoubtedly, led to the referee's finding. In finding of fact 7, there appears to be a typographical error. The finding as it is is meaningless. From the referee's decision and the remainder of the findings, I conclude what he did find was: "that the claimant did less than 20 per cent. of the same work as that performed by non-exempt employees."

The referee's order is affirmed and the petition for review denied.

Settle on order.