No. 35,963

CHARLES WILLIAM GALE, *Appellant,* v. FRUEHAUF TRAILER
COMPANY, *Appellee.*

(145 P. 2d 125)

Opinion filed January 22, 1944.

*Paul H. Ditzen,* of Kansas City, argued the cause, and *Hylton Harman,* of Kansas City, was on the briefs for the appellant.

*Harry Miller, Jr.,* of Kansas City, argued the cause, and *Carl V. Rice* and *Donald Martin,* both of Kansas City, were on the briefs for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This was an action by an ex-employee of defendant to recover for overtime pay alleged to be due him for services under the fair labor standards act of 1938, 29 U. S. C. A., § 201 *et seq.*

Plaintiff alleged that defendant Fruehauf Trailer Company, a corporation, was engaged in the business of manufacturing, repairing and servicing trailers and parts of trailers, that in its corporate business it was engaged in interstate commerce, and that it maintained branches in Kansas City, Kan., in Wichita, Kan., and Detroit, Mich.

Plaintiff alleged that from May 9, 1940, until April 1, 1942, he was employed as a workman in defendant's branch plant and maintenance shop in Wichita, and that during all that time defendant at its Wichita establishment serviced new trailers which had been manufactured by defendant at its factory in Michigan, and which had been hauled to its branch sales plant in Wichita; that defendant serviced trailers and trucks thereat; that such trucks and trailers were driven into Kansas from other states, and that defendant serviced and repaired trucks and tanks used to haul gasoline from Texas and Oklahoma to other states; that at Wichita defendant maintained a large storeroom in which it kept trailer and truck parts which had been shipped from Detroit; that defendant rebuilt refrigerator trailers and installed cooling systems; and that such refrigerators were used to haul meat and packing-house products from various interstate points to Wichita, and from Wichita to various interstate points outside of Kansas.

Plaintiff alleged that while employed by defendant he did welding, repairing brakes and defects in trucks and trailers which had come from outside the state and which were en route to points beyond the state line; that he worked on many trailers which had been manufactured in Detroit and which were sold in Wichita; that he supervised the use and sale of truck and trailer parts and kept the records of them; that this work required him to put in overtime, for which he had demanded overtime pay which defendant had refused.

In his petition plaintiff alleged in detail his regular per diem rate of pay and the alleged overtime hours he worked for which he was entitled to overtime pay, aggregating 916.5 overtime hours for which he was entitled to $944.62 as overtime pay, plus $944.62 as the statutory penalty together with $1,000 as a reasonable attorney's fee, and another $1,000 as an attorney's fee if the final judgment of the district court should be appealed to this court.

In its answer defendant admitted its corporate capacity, that its home office and principal place of business was at Detroit, Mich., and that it had branch plants at Kansas City and Wichita.

Defendant's answer also contained a general denial, and alleged that its principal business at its Wichita branch was the retail sale of trailers manufactured elsewhere and shipped to its Wichita branch; that as a supplement to its retail sales business it maintained a general service and maintenance department for the repair

of trailers; that the greater part of such servicing and selling was in intrastate commerce, and that defendant's employees at its Wichita plant, including plaintiff were expressly exempted under section 13 (a) (2) of the fair labor standards act from the minimum wage and maximum hours provisions of that statute.

Defendant's answer further alleged that plaintiff was employed as foreman in charge of its service department in Wichita, in which capacity he himself kept the daily work records of all employees, including his own, and that defendant relied thereon and charged its customers for services to them in accordance with such records prepared by plaintiff, and its pay rolls for its employees were prepared and paid accordingly; that all its employees, including plaintiff, were paid their regular wage scale plus time and one-half for overtime as prepared by plaintiff; that defendant had no knowledge of any inaccuracy in the work sheets kept by plaintiff, but believed them to be accurate; and that defendant believed that at all times it was conforming to the provisions of the fair labor standards act although not legally bound to do so; and that—

"Plaintiff is estopped from now asserting that the said reports prepared by him were incorrect and that he is entitled to additional overtime compensation."

Plaintiff's reply traversed all the material allegations of the answer, and on the issues thus made the cause was tried by the court without a jury.

Oral evidence at length was introduced by the parties. There was also some documentary memoranda introduced, also a schedule of the overtime hours which plaintiff had prepared and which purported to show the alleged overtime hours he had worked and for which he based his claim for overtime compensation. The evidence showed without dispute that plaintiff had received substantial amounts of overtime pay in accordance with the work records which he had prepared for defendant in the regular course of his employment. Plaintiff's explanation of the discrepancy between the work hour records he prepared for his employer and the private record he kept of his overtime hours was that the headquarters office of defendant in Detroit kept insisting that the overtime work in the Wichita branch should be held down to a minimum.

The trial court gave judgment for defendant, and included therein it made findings as follows:

"1. That the plaintiff has failed to prove his case by the greater weight of the testimony and has failed to meet the burden of proof upon him.

"2. That the plaintiff while working for the defendant made no claim for the overtime sought to be recovered in this cause; that he received his regular pay and also was paid for some overtime based upon records that he kept himself; that plaintiff by his long silence and the acceptance of pay based on the very records he kept himself is now estopped from making any further claim for additional overtime.

"3. That the major part of the work done by the defendant in its establishment at Wichita, Kansas, was of a retail nature and was intrastate in its character; that the services performed by the plaintiff were not in interstate commerce but simply upon things that might or might not be used in interstate commerce.

"4. That the defendant is a retail sales and service establishment, the greater part of whose selling and servicing is in intrastate commerce, and is exempt from the provisions of section 206 and 207 of the fair labor standards act."

Plaintiff's motion for a new trial was overruled and he appeals. His only specification of error reads:

"The court erred in rendering judgment in favor of the defendant and against the plaintiff."

At the outset we have to note once more that such a specification of error does not properly present any question for appellate review. (G. S. 1935, 60-3826, Rule 5; *Brown v. Rhodes,* 1 Kan. 359; *Lumber Co. v. Smith,* 84 Kan. 190, 114 Pac. 372; *Biby v. City of Wichita,* 151 Kan. 981, 982, 983, 101 P. 2d 919; 2 West's Kan. Dig. 347; Hatcher's Kan. Dig., 99, 100.)

Passing that matter and looking into the points urged in appellant's brief it is first contended that judgment should have been for plaintiff because he established his cause of action by the greater weight of testimony. That is an outmoded argument to make in an appellate court which has nothing to do with the *weight* of the testimony, so long as there is some substantial evidence to support the judgment, and irrespective of whatever evidence there may have been to the contrary which the trial court was disinclined to believe. (*Farney v. Hauser,* 109 Kan. 75, 83 and syl. ¶ 7, 198 Pac. 178; *Peckham v. Keenan,* 122 Kan. 544, 551, 253 Pac. 205; *Citizens State Bank v. Wiseman,* 125 Kan. 510, 514, 265 Pac. 39, 5 C. J. S. 699.) The rule is the same in the federal supreme court. *Phoenix Ry. Co. v. Landis,* 231 U. S. 578, 581, 58 L. Ed. 377, 381, which cites *Aetna Life Insurance Co. v. Ward,* 140 U. S. 76, at page 91 of which it was said:

"We have no concern with . . . the weight to be given to the evidence which was properly admitted." (Citations.)

See, also, *Gilpin v. Burch*, 145 Kan. 224, 65 P. 2d 308.

Were this point not the threadbare one it is, and which this court has treated many times, we would still be barred from considering the sufficiency of the evidence to support the judgment since the overruling of plaintiff's motion for a new trial·has not been assigned as error. (*Roper v. Ferris*, 48 Kan. 583, 29 Pac. 1146; *Gas Co. v. Dooley*, 73 Kan. 758, 84 Pac. 719; *Brewer v. Harris*, 147 Kan. 197, 75 P. 2d 287; *Heniff v. Clausen*, 154 Kan. 717, 121 P. 2d 196.)

In view of the foregoing it is difficult to see what there is in this appeal that this court can lay hold of. We think the trial court had good ground for discrediting the testimony of plaintiff in view of his admission that he kept two records of his overtime, one on which the defendant relied and according·to which he was paid, and another private record for his.future use on which to mulct his employer after he had quit its service. (*Jackson v. Derby Oil Co.*, 157 Kan. 53, 63, 139 P. 2d 146.) In rejecting a similar claim of an employee against his employer, based upon a secret record of overtime kept by himself, in *Mortensen v. Western Light and Telephone Co.*, 42 F. Supp. 319, the federal district court held that all the elements of estoppel inhered in such an action to bar a recovery.

See, also, *Clevenger v. Ritter Lumber Co.*, 294 Ky. 764, 172 S. W. 2d, 625.

Plaintiff's contention that the major part of his work in defendant's Wichita establishment was in interstate commerce cannot be sustained in view of the trial court's findings of fact, and likewise by the pertinent provision of the fair labor standards act which, in part, reads:

"(a) The provisions of sections 206 and 207 of this title shall not apply with respect to . . . (2) any employee engaged in any retail or service establishment the greater part of whose selling or servicing is in intrastate commerce; . ." (29 U. S. C. A., § 213.)

Sections 206 and 207 referred to in the quotation just made pertain to definitions and to wages and hours under the act, and section 213 excludes such work as that in which defendant was engaged in Wichita from the scope of the act.

The technical defects of this appeal have not prevented us from a careful perusal of the record and plaintiff's brief and reply brief, but we discern nothing in them which would permit us to disturb the judgment. It is therefore affirmed.