## COLLINS v. BURTON–DIXIE CORPORATION.

### Civil Action No. 351.

District Court, W. D. South Carolina.

Feb. 15, 1944.

W. K. Charles, of Greenwood, S. C., and Ray Godshall, of Gaffney, S. C., for plaintiff.

Grier, McDonald & Todd, of Greenwood, S. C., for defendant.

WYCHE, District Judge.

This action is brought to recover unpaid minimum wages and overtime com-

pensation under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq., together with an equal additional amount as liquidated damages, amounting approximately to Ten Thousand Dollars ($10,000), and attorneys' fees.

By consent of the parties the cause was referred to Harvey W. Johnson, Esq., as Special Master, who in response to the order of reference, has filed his findings of fact and conclusions of law in which he concluded that plaintiff had failed to make out his case and recommended that judgment be rendered in favor of the defendant.

The matter is now before me upon plaintiff's objections to the findings of the Master, and defendant's motion to confirm the same, and for judgment accordingly.

The facts are substantially as follows:

The defendant owns and operates a plant at Blacksburg, South Carolina, where it manufactures cotton waste, batting, and until the beginning of the present war, steel bed springs. Its products are sold and transported in interstate commerce, and its employees, therefore, are engaged in the production of goods for commerce within the meaning of the Fair Labor Standards Act. The defendant acquired the manufacturing plant in June, 1935, and after making some additions to the factory buildings and installing some new machinery and equipment, commenced operations in January, 1936. For some years prior thereto the plaintiff had lived on the premises, occupying a small tenant dwelling near the main factory building, under an arrangement with the former owners. The defendant permitted him to remain on the premises, and to collect such rents as he could from some tenant dwellings for which it had no need, and to cultivate such portion of the seventy acres which it had acquired as was available for farming. The tenant dwellings were in a dilapidated condition, and were torn down by the end of 1937, or the early part of 1938. The plaintiff kept no record of the rents received by him from the houses, or the profits, if any, from his farming operations. From the time the defendant commenced to operate its plant it had an agreement with the plaintiff for the removal of waste. After the removal of the tenant dwellings, and prior to the effective date of the act, the plaintiff requested the defendant for additional employment, and was given the job of Sunday watchman.

From the time defendant began operations and until plaintiff quit, he was employed by the defendant at various times to do odd jobs of one kind or another. After the effective date of the act he was required by defendant to keep his own time for all such work performed by him by punching the clock. He was told not to do any work without specific instructions or authority, and not to do any work for which he did not punch the time clock. All other employees of the defendant were likewise required to punch the clock when they went to work and when they quit.

The defendant kept complete pay roll records of all its employees. The Administrator of the act duly investigated and checked the defendant and made no charges of violations. Wages were paid by the defendant in accordance with the provisions of the law. The plaintiff was paid weekly along with all other employees, receiving his pay checks, showing the hours worked, the applicable rates, deductions for Social Security taxes, insurance and other matters, without objection, complaint or demand for more pay or any other compensation. When he terminated his employment he did not assign as a reason therefor the demands now made the basis of this action. He kept no records of any kind with respect to hours worked for which he now claims he was not paid. Plaintiff was free to come and go at all times and was off the premises at various times.

Plaintiff contends that his employment with defendant from October, 1938, until January, 1942, was on a dual basis, that is, that he performed two different kinds of work throughout this period, and was paid for each upon a different basis. (1) For some of the work he claims he was required to keep his own time by punching the clock, or as he put it, "entitled" to punch the clock, as all other employees were required to do, and did do by direction of the management of the company; for this work he admits he was paid in accordance with the provisions of the act. (2) For maintaining and keeping in proper repair and operation the water works, sprinkler system, boiler and dry valves, and for certain other work, under instructions of the manager, or other officials of defendant, he contends he was not permitted

to make a record of the hours worked, that is to say, to punch the clock, and in fact that he was forbidden to do so; that his compensation therefor was the use and occupancy of the small tenant dwelling, together with water, lights and fuel, and such portion of defendant's property as he was able to cultivate; under this class of work he bases his claim for unpaid minimum wages and overtime compensation. The Master was unable, under the testimony, to classify properly the various kinds of work claimed to have been done by the plaintiff, or "to allocate the same to either category of clock punching time or non-clock punching time."

There is no doubt that plaintiff has the burden of proof, both for the unpaid minimum wages and overtime compensation. It is not enough for a plaintiff to come into court under this act and assert that he is entitled to minimum wages and time and a half for overtime served. As in any other case, he must produce evidence that is convincing and prove his cause by the greater weight of the evidence. Evidence which the plaintiff must submit must be something more than a mere scintilla, and it must not consist of vague, uncertain, irrelevant matter, but must be definite and certain and something of relevant consequence and substantial nature. The burden is still upon the plaintiff, regardless of the defendant's failure to keep a record to establish by a preponderance of the evidence the number of hours worked and the amount of wages due. Wilkinson et al. v. Noland Co., D. C., 40 F.Supp. 1009; Epps v. Weathers, D. C., 49 F.Supp. 2; Super-Cold Southwest Co. v. McBride, 5 Cir., 124 F.2d 90–92; Jax Beer Co. v. Redfern, 5 Cir., 124 F.2d 172, 175; Johnson v. Dierks Lbr. & Coal Co., 8 Cir., 130 F.2d 115. This is true as to minimum time as well. Cf. Mayes et al. v. Sewell Hats, D. C., 46 F.Supp. 338; Mortenson v. Western Light & Telephone Co., D. C., 42 F.Supp. 319; Lowrimoore v. Union Bag & Paper Corp., D. C., 30 F.Supp. 647; Dollar v. Caddo River Lumber Co., D. C., 43 F.Supp. 822; Stein v. Gordon Bros. Mfg. Co., D. C., 43 F. Supp. 249.

An employee may not, as a matter of law, by failing to report and collect for overtime hours, waive his right to overtime pay, if entitled thereto, but the court can, and should, consider the circumstances of his failure to report and make claim for this compensation when he should have done so in connection with the other facts in the case in determining the weight of the employee's testimony on this issue. Sauls v. Martin, D. C., 45 F. Supp. 801. This case and the Wilkinson case, supra, declare principles that were properly applied by the Master in weighing the testimony in this case. It is admitted by the plaintiff that at no time during the period involved did he make any claim for unpaid minimum wages or for overtime, nor did he complain that he was not being paid the amount he was entitled to, although throughout the whole period he received weekly checks for the time he actually recorded by punching the time clock. It is clear that the other services claimed to have been performed, and for which he claims not to have been paid in full, were of the same general character and, in most cases, of the identical character for which he was paid. The plaintiff admitted that he kept no records of any kind, not even of rents collected nor of his farming operations nor hours worked for which he was not "entitled" to punch the clock.

Another difficulty for the plaintiff grows out of the fact that his claim involves the difference in hours worked each day between the time for which he was "entitled" to punch the clock and the time for which he was not "permitted" to punch the clock as he alleges. As to this contention, it cannot be said with any reasonable degree of certainty how much time was of one, and how much was of the other kind.

The plaintiff has undertaken to support his claim by testimony intended to prove that the time for which he is seeking to recover minimum and overtime compensation was in large part "on call" time or as in plaintiff's briefs and the argument before me it was declared to be "on duty subject to call". This theory is separate and distinct, of course, from the contention that he was employed as "general maintenance" man, and was duly considered by the Master. It appears to be based on the testimony that the name of the plaintiff was on a buzzer in the mill office which was sometimes used for the purpose of summoning him to the office. Yet a consideration of all the testimony, including the related circumstances, does

not bring the conviction that plaintiff's claim for compensation can be based upon the "on duty subject to call" theory.

The Master concluded "that after a mature and deliberate consideration of all the plaintiff's evidence", even if none of it had been contradicted, it would be difficult to find for the plaintiff, and consequently recommended judgment for the defendant.

I am unable to find that the Master's findings of fact are clearly erroneous, and I must, therefore (Rule 53(e) (2), Rules of Civil Procedure, 28 U.S.C.A. following section 723c), accept his findings of fact, and for the reasons stated herein, I adopt his conclusions of law thereon, and direct the entry of appropriate judgment in favor of the defendant.