Philip EAKINS, Plaintiff,

v.

ALVARADO BROADCASTING COM-
PANY, Defendant.

Civ. No. 2482.

United States District Court
D. New Mexico.

June 25, 1954.

T. B. Keleher, Albuquerque, N. M., for plaintiff.

Rodey, Dickason, Sloan, Mims & Akin, Albuquerque, N. M., for defendant.

WALLACE, District Judge.

Plaintiff, Philip Eakins, brings this action under the Fair Labor Standards Act [1] to recover from defendant, Alvarado Broadcasting Company, for overtime hours allegedly worked but for which no compensation was received.

The evidence indicates that plaintiff worked for the defendant as an announcer from April 1, 1952, until July 14, 1953. During this term of employment the plaintiff displayed considerable initiative as well as ability and on February 1, 1953, was made Chief Announcer for the defendant radio station. Plaintiff was discharged immediately after a letter, signed by plaintiff, was delivered to the

[1] 29 U.S.C.A. § 201 et seq.

managing officers of the defendant, in which letter various suggestions as well as grievances of different employees of the defendant were aired, including the remark that the plaintiff was working some 60 hours per week and not being paid overtime. Plaintiff's evidence upon which recovery is sought consists of plaintiff's oral testimony and a written recapitulation of hours worked over the entire term of employment, which recapitulation was made up by plaintiff from memory after his employment had been terminated; this recapitulation implies that the plaintiff worked something over 900 overtime hours for which he was not paid.

After careful consideration the Court has concluded that the plaintiff did not establish by the proper measure of proof just what unpaid overtime hours he actually worked.

■ The plaintiff in testifying from the witness stand made a very favorable impression on the Court; and, the Court is satisfied that plaintiff no doubt worked hours in excess of 40 which inured to the benefit of his employer for which he was not paid; and, doubtless, the defendant company, through its managing officers, although not specifically aware of the actual time spent by the plaintiff in connection with his radio station duties, blinked its eyes insofar as ascertaining the actual number of hours worked each week by the plaintiff. However, the proof as adduc-

ed will not support a specific finding by the Court of unpaid overtime hours.[2] Although the plaintiff in a case such as this need not prove exactly just what hours were worked the evidence must be sufficiently specific and conclusive to establish with reasonable certainty not only that overtime hours were worked, but the approximate number thereof. The plaintiff's claim, in the instant case, is predicated, almost exclusively, upon the written resumé of daily hours worked over a 15 month period, which resume' was prepared from memory without the aid of any written notation made contemporaneous to the time the extra hours were being worked; and, the statement was prepared after the termination of plaintiff's employment. The Court does not believe that the plaintiff is entitled to a finding that he did in fact work some 900 overtime hours based upon such evidence, and the Court certainly cannot by mere conjecture make a finding that some lesser number of hours were worked in the absence of some specific proof tending to accurately establish just what hours were worked.[3]

■ Although the Court does not condone the defendant's violation of the Fair Labor Standards Act in failing to keep detailed records as to the actual hours worked by each employee coming within the terms of the Act, such a failure on the part of the defendant cannot serve as positive evidence to establish that the plaintiff did in fact work over-

2. See Wilkinson v. Noland Co., D.C.Va. 1941, 40 F.Supp. 1009, 1013 wherein the Court said: "While I am convinced that the plaintiff performed some overtime for which he was not paid, he has failed to convince me by the greater weight or preponderance of the testimony that he kept the record of his overtime as contended by him. All the testimony tends to show that he never had any intention of charging for overtime." Cf. In re Interstate Magazine Hauling Corporation, D.C.N.Y.1943, 55 F.Supp. 880, 881: "* * * It is apparent from the referee's decision and from his findings of fact that he was convinced that claimant had spent beyond 40 hours per week working on the premises of the debtor, but that he failed to produce any definite evidence to support or sustain his claim for the alleged overtime. * * *" Also, read Mortenson v. Western Light & Telephone Co., D.C.Iowa 1941, 42 F.Supp. 319, 321.

3. "The statement filed by this plaintiff and relied on by him, has no probative value in itself. It is not an original entry nor an account that may have had some evidential value, but it is concededly a copy of so-called original entries made on private slips of paper, which were destroyed after he had decided to bring this action. Because of his failure to produce evidence that is convincing and substantial, and because of his failure to preponderate in his proof, this plaintiff cannot recover." Wilkinson v. Noland Co., fn. 2, supra, 40 F.Supp. at page 1013.

time hours for which he did not receive compensation. This breach of duty by the defendant, although serving to discredit defendant's position generally, does not of itself, in the absence of some convincing proof by plaintiff as to the number of hours worked in excess of forty, entitle the plaintiff to a judgment.[4]

The governing rule was enunciated in Anderson v. Mt. Clemens Pottery Co., wherein the Supreme Court said:[5]

"* * * we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. * * *"

Thus, although the employee is relieved of a portion of the burden of proof insofar as establishing with exactitude the number of overtime hours worked, he still must produce "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference" before any burden is shifted to the employer. The employee in this case has failed to produce such evidence; and, the defendant is entitled to judgment.

A journal entry which conforms with this opinion should be submitted by counsel within fifteen days.

---

4. As observed in the Wilkinson case, fn. 2, supra, 40 F.Supp. at page 1013: "* * * While the law requires the defendant to keep a record of overtime, the failure of the defendant to keep such record is not evidence upon which I can compute overtime for this plaintiff. The burden is still upon the plaintiff, regardless of the defendant's failure to keep a record, to prove that he worked overtime and how much overtime he worked."

5. 1946, 328 U.S. 680, 687, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515.