No. 26,982.

The First National Bank of Louisburg, *Appellant,* v. E. J. Lovett, *Defendant;* James H. Phillips, *Appellee.*

### SYLLABUS BY THE COURT.

1. Juries—*Right to Jury Trial—Where Third Party Answers Claiming Attached Property.* Where real estate is attached and a third party, claiming title thereto, files a motion to discharge the attachment and the attachment creditor then files an amended petition to which an answer is filed by the party claiming to own the property, neither party is entitled to a jury as a matter of right on the trial of the issues thus joined.

2. Fraudulent Conveyances—*Evidence—Insufficient Consideration.* On the trial of such an issue as is described in the first paragraph of this syllabus, where the plaintiff alleges that the property attached was transferred to the claimant for the purpose of defrauding the creditors of the attachment debtor and evidence was introduced from which the court could have found that the property had been transferred in fraud of the rights of those creditors, it was error to sustain a demurrer to the evidence of the attaching creditor.

Appeal from Miami district court; Jabez O. Rankin, judge. Opinion filed May 7, 1927. Reversed.

*Frank M. Sheridan* and *Bernard L. Sheridan,* both of Paola, for the appellant.

*Alpheus Lane, Karl V. Shawver,* both of Paola, *Redmond S. Brennan* and *Lloyd R. Fraker,* both of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

Marshall, J.: The plaintiff sued E. J. Lovett on five promissory notes to recover $2,903.33, and caused a writ of attachment to be issued and levied on certain real estate situated in Miami county and on ninety acres of corn growing on the attached real estate. No summons was served on E. J. Lovett. Service was made on him by publication notice. He made default. A finding was made that he was indebted to the plaintiff in the sum of $3,041.61. The attached property was ordered sold for the payment of that amount and the costs of the action. Lovett has not appealed. James H. Phillips filed a motion alleging that he was the owner of all the property attached and asked that it be discharged from the attachment. On the hearing of that motion, it was ordered that Phillips

Attachment, 6 C. J. p. 401 n. 89 new.   Juries, 35 C. J. p. 188 n. 21.   Trial, 38 Cyc. p. 1946 n. 45, 46.   Fraudulent Conveyances, 12 R. C. L. 478.

be made a party defendant. An amended petition was then filed by the plaintiff in which he alleged that the property had been transferred by E. J. Lovett to James H. Phillips without consideration to enable the latter to claim the property, and that the transfer of the property had been made for the purpose of defrauding the creditors of E. J. Lovett. James H. Phillips filed an answer in which he denied the allegations of the petition and alleged that he was the owner of the property attached. The action was tried on the issues thus joined between the plaintiff and James H. Phillips. The plaintiff, in writing, demanded a jury, which was denied. The demurrer of James H. Phillips to the evidence of the plaintiff was sustained, and judgment was rendered against the plaintiff. From that judgment, the plaintiff appeals.

1. The plaintiff argues that it was error to deny a jury for the trial of the issues of fact. He claims that he was entitled to a jury under section 60-2903 of the Revised Statutes, which provides that "issues of fact arising in actions for the recovery of money or of specific real or personal property shall be tried by a jury." As between the plaintiff and Phillips this was not an action for the recovery of money. Neither was it an action for the recovery of specific real or personal property. If the contest had been between Lovett and Phillips, it might have been said to have come within section 60-2903, but the contest was not between them. There was no controversy between them. They were acting together so far as the record in this case is concerned. The plaintiff was seeking to have Lovett declared to be the owner of the property for the purpose of having it subjected to the payment of the claim of the plaintiff. Title to the property was not directly involved. The question to be determined was the good faith of the transaction by which the title to the property was transferred from Lovett to Phillips. It was alleged that the transfer of the property had been made for the purpose of defrauding the creditors of Lovett, not that either Phillips or Lovett had undertaken to defraud each other.

In *Bennett v. Wolverton*, 24 Kan. 284, the court said:

"Where real estate is attached, and a third party interpleads, claiming title to the attached property, the issue to be tried is equitable, and not one in which either party is entitled to a jury as a matter of right." (See, also, *McCardell v. McNay*, 17 Kan. 433; *Culp v. Mulvane*, 66 Kan. 143, 71 Pac. 273.)

The issues in *Bennett v. Wolverton*, supra, were the same as those

in the present action, although they arose under different forms of pleading. The plaintiff was not entitled to a jury as a matter of right.

2. Was it error to sustain the demurrer of Phillips to the evidence of the plaintiff? An answer to this question necessitates an examination of the evidence. There was evidence to prove the following facts, which the court might have found. E. J. Lovett owned the real property and the corn growing thereon, on all of which the attachment was levied. The real property was worth $18,000 to $20,000 and the corn $600 to $800. The real property was mortgaged for $12,500 on which interest had been defaulted. Taxes on the land had not been paid so that the total encumbrance against the land was $14,000 to $15,000. Lovett owed the plaintiff the indebtedness sued on and was unable to pay any of it. Negotiations were in progress looking to the payment of that indebtedness. James H. Phillips was the son-in-law of E. J. Lovett. They were engaged in business with each other as partners. They with their wives lived together. as one family. Phillips knew the financial condition of Lovett. In addition to the property in controversy, Lovett owned five shares of stock in the plaintiff bank. There had been negotiations between the plaintiff and Lovett looking to a sale of the land by the plaintiff for Lovett and the cancellation of the indebtedness to the plaintiff. Shortly after these negotiations, the transfer of the property in controversy was made by the plaintiff and his wife to Phillips. At about the same time, Phillips in some way transferred Lovett's stock in the plaintiff bank to some third party. The deed conveying the real property from Lovett and wife recited a consideration of one dollar and other valuable considerations. The bill of sale by which the corn was transferred by Lovett to Phillips recited a consideration of $600 in cash. Was the evidence sufficient to compel its submission to the trier of fact?

In *Farnsworth v. Clarke,* 62 Kan. 264, 62 Pac. 655, the court said:

"In considering and deciding a demurrer to plaintiff's evidence in a case tried to the court the same rule obtains as in cases tried to a jury. The court cannot weigh conflicting evidence nor regard the case as though submitted by the defendant upon the plaintiff's showing, but must consider as true all portions of the evidence which tend to prove the allegations of the petition." (See, also, *Lumber Co. v. Savings Bank,* 52 Kan. 410, 34 Pac. 1045; *Wehe v. Mood,* 68 Kan. 373, 375, 75 Pac. 476; *Brownson v. Perry,* 71 Kan. 578, 581, 81 Pac. 196; and *Kerr v. Kerr,* 80 Kan. 83, 101 Pac. 647.)

In *Rowan v. Rosenthal*, 113 Kan. 604, 606, 215 Pac. 1008, the court said:

"In considering a demurrer to the evidence, the court cannot weigh that which is conflicting, but must consider as true every portion which tends to prove the case of the party resisting the demurrer. Before a demurrer to the evidence of the plaintiff should be sustained, the trial court must be able to say that, admitting every fact that is proven which is favorable to the plaintiff, and admitting every fact that the jury might fairly and legally infer from the evidence favorable to the plaintiff, still, the plaintiff has failed to make out some one or more of the material facts of his case. A demurrer to the evidence admits every fact and conclusion which the evidence most favorable to the adverse party tends to prove and all that may be fairly inferred from these facts, and where there is some competent legal evidence tending to sustain the plaintiff's cause of action, a demurrer to the evidence should be overruled. A demurrer to plaintiff's evidence must be viewed in the light most favorable to him, and all reasonable inferences must be allowed in his favor, and unless all the testimony offered fails to establish his case, or some material fact in issue, the demurrer should be overruled."

Applying these rules to the evidence introduced by the plaintiff, the demurrer thereto should have been overruled because the court could have found from the evidence that the transfer of the property had been made to hinder, delay and defraud the creditors of E. J. Lovett of their just and lawful debts in violation of section 33-102 of the Revised Statutes, which section in part reads:

"Every gift, grant or conveyance of lands, tenements, hereditaments, rents, goods or chattels, and every bond, judgment or execution, made or obtained with intent to hinder, delay or defraud creditors of their just and lawful debts . . . shall be deemed utterly void and of no effect."

Other matters are presented, but they are not deemed of sufficient importance to warrant discussion.

The judgment is reversed, and the cause is remanded with directions to the trial court to proceed in accordance with this opinion.