No. 28,349.

THE A. H. JENNINGS & SONS TIRE AND ACCESSORY COMPANY, *Appellee*, v. WILLIAM FARMER et al., *Appellants*.

(272 Pac. 167.)

Opinion filed December 8, 1928.

*H. S. Roberts,* of Kansas City, for the appellants.
*Justus N. Baird,* of Kansas City, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: This controversy involves the validity of proceedings and a judgment in aid of execution. Plaintiff prevailed and defendants appeal. The facts are substantially these:

During August and September, 1926, the defendant, William Farmer, purchased from plaintiff automobile accessories in the amount of $136.50. At that time Farmer owned real estate of the approximate value of $20,000 with $4,000 encumbrance. He was also operating a dairy business, the stock and equipment being unencumbered. In October, 1926, Farmer executed a deed to his wife, conveying the real property for a consideration of one dollar. In February following he transferred all of his personal property to his wife for a named consideration of one dollar. In September, 1927, plaintiff procured judgment against Farmer, transcript of which was filed with the clerk of the district court, execution issued thereon and returned showing no property found. Proceedings in aid of execution were filed, a referee appointed who took testimony and found that the alleged conveyances by Farmer to his wife were without consideration and made for the purpose of hindering, delaying and defrauding his creditors, and void as to the plaintiff. The district court afterwards set aside recommendation of the referee,

heard the evidence and held that the transfer of real estate and personal property by Farmer to his wife served to hinder and delay his creditors and was void as to plaintiff's claim.

The defendants' chief contention is that no intent to hinder and delay creditors was shown. The report of the referee upon which the court had its hearing, among other things, set out that William Farmer contracted the indebtedness with the said plaintiff, which was later reduced to judgment during the summer of 1926. That at the time the indebtedness was incurred William Farmer was in the dairy business and kept and owned twenty or more cows and dairy implements used in said business, and owned several income-producing houses. That he conveyed his cars, dairy herd and dairy implements to his wife at approximately the same date, the defendants refusing, however, to tell the referee the exact date. That Farmer and his wife still have the real estate, although standing of record in the name of Mary Farmer, the wife. That Farmer and his wife are selling about $20 worth of milk a day from said dairy herd. That Mary Farmer, the wife, never inherited any sum of money to exceed $500, and had no money at the time of the conveyance of the real estate and dairy herd and implements. This, in addition to the testimony of the defendants that the real estate was valued at from $20,000 to $22,000, and that it was transferred to the wife for one dollar and other valuable consideration, "which was a lot of hard work"; that he had been sick with asthma and made the transfer to his wife to avoid the expense of probating his estate in the event of his death, abundantly warranted the court in concluding that the transfers were made for the purpose of avoiding payment of their debts. Moreover, the plaintiff contends that the conveyances by Farmer to his wife were voluntary, and that the rule that it is necessary to show intent to defraud before a conveyance will be set aside does not apply to voluntary conveyances. In 27 C. J. 503 it is said:

"Except in the case of voluntary conveyances, where actual fraudulent intent is never necessary to render the conveyance fraudulent as to existing creditors, the general rule is that to render an alienation void as to creditors it must have been made by the debtor with an intent to defraud, delay or hinder creditors."

In the same volume at page 550 this language is found—

"The presumption of fraud as against existing creditors raised by a volun-

tary conveyance by the debtor of his property, becomes conclusive where there is no evidence that he retained sufficient property to satisfy his creditors, and the fact that there was no actual fraudulent intent upon the part of either party to the transfer does not in any way affect the operation of the rule. (Citing decisions.) In order that a voluntary conveyance may be upheld as against existing creditors it is essential that the property retained by his debtor should be clearly and amply sufficient to satisfy all his existing debts."

In *Hardware Co. v. Semke*, 105 Kan. 628, 185 Pac. 732, it was said:

"Some reliance is placed upon the finding of the court that she had no actual intent to hinder, delay or defraud creditors when she accepted the conveyance. She knew her husband had been in several losing ventures and knew that there were unpaid debts. She says that she secured the transfer of the property to her because of the poor financing of her husband; and fearing that all the property would be lost, they together concluded to put it beyond his control. This was the wife's acknowledged purpose. But, granting that there was no actual intent on her part to defraud his creditors, the placing of it beyond his control by a transfer which was without consideration, when there were creditors, amounted to a fraud in law." (p. 630.)

See, also, *Farlin v. Sook*, 30 Kan. 401, 1 Pac. 123; *First Nat'l Bank v. Lovett*, 123 Kan. 405, 256 Pac. 147; *Johnson v. Rutherford*, 28 N. D. 87; Bump on Fraudulent Conveyances, 296.

The judgment is affirmed.