No. 29,169.

THE KINSLEY BANK, *Appellant,* v. A. W. ADERHOLD et al., *Appellees.*

(285 Pac. 600.)

Opinion filed March 8, 1930.

*A. L. Moffat,* of Kinsley, for the appellant.

*W. E. Broadie,* of Kinsley, for the appellees.

The opinion of the court was delivered by

HARVEY, J.: This is an action in the nature of a creditor's bill to set aside a deed alleged to have been given in fraud of creditors and to subject the property to the payment of plaintiff's money judgment. The trial court made findings of fact, which may be summarized as follows: The defendant, A. W. Aderhold, was engaged in an automobile business at Kinsley. Beginning in 1924, and until July, 1928, he borrowed substantial sums of money from the plaintiff bank, his father, A. F. Aderhold, signing the notes with him as joint maker. In August, 1928, A. W. Aderhold was adjudged a bankrupt, and later procured his final discharge. In the bankruptcy proceeding the real property in question was found to be his homestead, and an order was made setting the property over to him as exempt, but without prejudice to the rights of the plaintiff bank. In September, 1928, plaintiff recovered a judgment against A. F. Aderhold on the notes above mentioned for the sum of $8,643.67, on which judgment A. F. Aderhold has paid $800, and two dividends amounting to $350.40, received from the bankrupt estate of A. W. Aderhold, have been credited on the judgment. Execution on the judgment has been issued and returned wholly unsatisfied. A. W. Aderhold was married in April, 1925, and at that time, and prior

thereto, his father, A. F. Aderhold, was the owner of the real property in controversy, being two lots in the city of Kinsley. The dwelling house on the lots was in a very dilapidated condition, and shortly before the marriage of the son his father told him that if he would fix up the property for a home he would give it to him. The son agreed to do so, and did repair the property, and has built other lasting and valuable improvements thereon, and since his marriage has continued to occupy the same as a home. At the time A. F. Aderhold made the gift of the property to his son it was of the value of $400, and at the time of the trial of this case was of the value of $1,500. A. F. Aderhold paid the taxes on this property for the year 1925, and A. W. Aderhold paid the taxes for 1926 and 1927. At Christmas time, 1927, A. F. Aderhold and wife executed a deed conveying the property to the son and placed the deed on the family Christmas tree for him, and a few days later the son told one of the officers of plaintiff bank that his father had given him the property as a Christmas present. At the time of the gift of the property, and at the time of the execution of the deed, neither A. F. Aderhold nor A. W. Aderhold had any intention of cheating, defrauding, or delaying creditors. At that time the value of the nonexempt property of A. F. Aderhold did not exceed $800. The court concluded as a matter of law that A. F. Aderhold was insolvent at the time of the gift of the real property, as above mentioned, to his son; that at this time the property was of the value of $400, for which amount plaintiff should have a first lien, and that the property should be sold as upon execution to satisfy such lien. Judgment was rendered accordingly.

There was no request for additional findings of fact in the trial court, and no objection to the findings made nor request for their modification. The evidence has not been brought to this court, but the parties have stipulated that the evidence shows that A. W. Aderhold paid $275 for making improvements upon the outside buildings upon the premises, and in addition thereto he painted and papered the house, made other improvements, and planted trees and grass; but the cost or expense of such improvements is not shown.

It is clear from these findings that the plaintiff bank had no money judgment against the son, A. W. Aderhold. Its only money judgment was against the father, A. F. Aderhold, hence the bank cannot in this action reach property which never did belong to the father, but which does in fact belong to the son. This conclusion does not depend on whether the son's property sought to be sub-

jected to the payment of the bank's judgment is exempt to the son under the homestead or other laws. Even if the son's property was nonexempt, the bank could not subject it to the payment of its judgment for the reason that it has no judgment against the son.

Appellant argues that the gift and conveyance of the property, being purely voluntary, and having been made by A. F. Aderhold when he was insolvent, it is deemed fraudulent as to his creditors notwithstanding the fact that there was no intention on the part either of the donor or the donee at that time to defraud the creditors of either. This contention is sustained by the former holdings of this court. (*Hardware Co. v. Semke,* 105 Kan. 628, 185 Pac. 732; *Jennings & Sons Tire & Accessory Co. v. Farmer,* 127 Kan. 164, 272 Pac. 167, and authorities cited therein.) Appellant further contends that the gift being fraudulent as to creditors, the donee cannot impress the property with the characteristics of a homestead so as to defeat an action to subject the property to the payment of the debts of the donor, citing *Kline v. Cowan,* 84 Kan. 772, 115 Pac. 587. The trial court held in accordance with this view, or it would not have allowed the plaintiff anything, hence there is no error in that ruling of which appellant can complain. Appellant argues that the rule which allows a grantee of property conveyed in fraud of creditors, compensation for improvements, repairs and taxes is not an inflexible one and should be applied only when equity warrants it (27 C. J. 673, 674), and argues that the son, having been a joint maker with his father on the notes to the bank, is not in such a situation that a court of equity should permit him to retain the value of improvements and repairs which he had placed on the property. This is a point which primarily should be passed upon by the trial court sitting as a chancellor, and its judgment should not be disturbed unless there is a clear showing of abuse of discretion. In view of the fact that the bank has no judgment against the son, and cannot in this action ask to have his property subjected to the payment of its judgment, there was no such abuse of discretion. Appellant further contends that the trial court should not have allowed the son the incidental appreciation in the value of the property. There is nothing in this record to indicate that the court did so. The property was in a dilapidated condition at the time of the gift. By additions, repairs and improvements it became more valuable. That is all the court finds.

Appellee by cross appeal contends that the court erred in impress-

ing a lien for any sum on the property in favor of plaintiff, and argues that the doctrine of presumptive fraud will afford no relief to subsequent creditors. In effect the trial court held the indebtedness existing at the time of the gift was never paid, but simply renewed from time to time with some additions and reductions, hence there is no merit in this contention. Appellee further argues that equity protects and enforces a parol gift equally with a parol contract where possession is taken and lasting and valuable improvements have been made. This is true, of course, as between the donor and the donee, but the application of this principle would not defeat the rights of creditors of the donor to subject the property to the payment of his debts.

The judgment of the court below is affirmed.