### SPIER et al. v. GULF COAST BEVERAGES, Inc.

#### Civil Action, No. 494.

District Court, S. D. Florida.

June 30, 1943.

S. S. Sandford and E. R. Dickenson, both of Tampa, Fla., for plaintiffs.

George A. Gibbs, of Tampa, Fla., for defendant.

BARKER, District Judge.

The complaint in this cause was filed by five plaintiffs, all former employees of the defendant corporation, seeking to recover compensation for alleged overtime, in various amounts, claimed to be due them by the defendant, under the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq.; an amended complaint was filed and also an amended answer.

In its amended answer the defendant avers: That it is a corporation, organized as a bottling company, to do only a local and intrastate business, and that its principal business is that of bottling and selling soft drinks to the local trade, and that "occasional orders from bottlers operating outside the State of Florida" were received and filled by the defendant, but they were purely incidental and occasional; further that during the period from August

1939, the earliest date any of the plaintiffs were employed by it, to September 10, 1941, it made fifty-one (51) shipments in interstate commerce, which with their respective dates are shown on Exhibit "A" to the answer; that on the latter date it discontinued making any interstate shipments whatever, further that the fifty-one (51) shipments referred to had a "dollars and cents value" of $2,218.25 and that the total amount of sales during that period by the defendant was $220,832.12.

The defendant also denies that any of the plaintiffs, except Paul Spier, was ever, while employed by the defendant, engaged in any way in interstate commerce or in the production of any goods for commerce and denies, as to Paul Spier, that he was engaged in interstate commerce or the production of goods for commerce for any substantial part of his time during his employment.

Upon this state of the pleadings the parties, having waived a jury by stipulation filed, took their testimony, and tried the cause before the court.

At the outset it was admitted by each of the plaintiffs in his testimony that the list of shipments filed as Exhibit "A" to the answer was a correct list of such shipments.

The plaintiffs attempted to prove by their own testimony that each of them performed duties in connection with interstate transactions of the defendant during the time of his employment and how much overtime each was entitled to receive compensation for.

Plaintiff Spier testified that his duties with reference to shipments by the defendant (both interstate and intrastate) were to stick an addressed label on the package and "to write out a bill of lading" all of which occupied the witness in each instance "possibly ten or fifteen minutes". Spier also testified that during the period of his employment he "averaged" working fifty-three (53) hours per week, which he says is an "estimate" and he offers no other evidence on that subject. He also states that during the approximate two year period he "guessed" he spent not over seven hundred and sixty minutes performing duties connected with interstate shipments.

None of the plaintiffs except Spier claim to have engaged in any interstate activity of the defendant except the production of chocolate concentrate, which all of them claim to have helped mix "sometimes".

The testimony of R. C. Padgett as to his connection with the production of goods for commerce by the defendant is typical of that of all the plaintiffs. Mr. Padgett says (testimony filed March 28, 1943), "sometimes I helped mix chocolate", and when asked exactly what he did in that connection (page 18) he said "sometimes I would measure out the ingredients and sometimes help with the mixer". On the question of overtime Mr. Padgett said "I worked from August 22, 1939 until November 1, 1940, sixty hours a week. I worked from November 1, 1940, to April 1, 1943, an average of sixty-two hours."

He states further that he arrived at his statement of the time he worked by "adding all the overtime hours he worked during the two year period together", but he does not know how many hours he worked during any week in which he performed any duties connected with interstate commerce or the production of goods for such commerce.

The testimony of all the plaintiffs is similar to that of Spier and Padgett.

The defendant offers testimony to disprove the claims of the plaintiffs that any of them had any part in the mixing of chocolate concentrate, and proves by its witness Lockwood that interstate shipments and sales were discontinued on September 10, 1941, and it further proved by the witness Daisy Dooner, its former bookkeeper, that the total value of sales by defendant during the period in question was $220,832.12 and that the value of its interstate shipments included in such total, was $2,218.25, the latter being 1.0044 per cent of the former. This statement is nowhere disputed nor contradicted.

From this testimony I am of the opinion that the shipments in interstate commerce by the defendant, relied on by the plaintiffs to bring such transactions under the Fair Labor Standards Act, are too small and insignificant both in volume, and in proportion to the total amount of business done by the defendant during the period of time in question, to have that effect. I think that these small, occasional, incidental and exceptional operations fall within the class of cases which may be taken to have been excluded by Congress from the operation of this regulatory measure, and to which the courts will apply the maximum "De Minimis".

I am further of the opinion that the attempted proof by all of the plaintiffs of any substantial connection with any interstate activity of the defendant, and the amount of overtime, is too vague, uncertain and indefinite to enable the court to predicate any judgment upon it, consisting as it does of nothing more tangible than speculation, guess and averages, made up from their own recollections.

From the above it follows that the complaint must be dismissed and such an order will accordingly be drawn and entered.