## MURDICK v. CITIES SERVICE OIL CO.

### No. 2918.

Circuit Court of Appeals, Tenth Circuit.

Oct. 25, 1944.

232

Clyde Taylor, of Kansas City, Mo. (John Langsdale, of Kansas City, Mo., and Patrick W. Croker, of Kansas City, Kan., on the brief), for appellant.

R. O. Mason, of Bartlesville, Okl. (A. M. Ebright, Hayes McCoy and W. P. McGinnis, all of Bartlesville, Okl., on the brief), for appellee.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

HUXMAN, Circuit Judge.

Rolla F. Murdick filed this action to recover for overtime hours worked in excess of the maximum hours provided for under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Trial was had to the court. At the conclusion of plaintiff's testimony, the defendant, the Cities Service Oil Company, moved to dismiss on the ground that plaintiff's case failed to show a cause of action either in law or in fact against the defendant. The trial court found that plaintiff did not work over forty hours per week. The action was dismissed upon the merits and judgment was rendered in favor of the defendant for costs. Plaintiff has appealed. The parties will be referred to as they appeared in the court below.

The sole question presented by the appeal is whether plaintiff made a prima facie case. Plaintiff was in sole charge of a water station consisting of a reservoir, water pumps, and water lines. When he was hired, he was told "it was a 24 hour job." It was his duty to supervise the pumps, keep them in repair, patrol the river and keep the water sanitary. The house in which he lived was about 75 feet from the pumping station. Plaintiff testified as to the general nature of his work. In response to a question as to how many hours a day he worked, he testified, "I was there working twelve hours a day." At the conclusion of his testimony the court asked his attorney if that was the kind of proof by which he intended to prove his case. He replied that it was. The court stated that if plaintiff put on ten witnesses who would testify to the same effect, judgment would still be entered for the defendant without putting on any evidence. It was then stipulated into the record that plaintiff could produce a number of witnesses and that they would testify substantially as he did.

The court stated that in considering plaintiff's testimony he "would find that he did not work as working men ordinarily worked. He was there ready to work but he was doing something now and something then and off and on, but not so as to prove definitely enough that this court would be justified in rendering judgment against any one paying for it." But plaintiff did not testify that he was there for twelve hours a day ready to work. He testified that he actually worked twelve hours a day, and offered to produce witnesses who would support his statement.

The attorney for the defendant in his opening statement stated that the evidence on behalf of the defendant would show that plaintiff turned in time sheets in his own handwriting showing that he did not work in excess of 40 hours per week. But this evidence was not produced. Numerous authorities are cited by the defendant in support of the judgment. They are of little value because here the question is whether plaintiff's testimony, standing alone and uncontradicted, is sufficient to make a prima facie case. In such a case the evidence must be viewed in the light most favorable to the plaintiff.[1]

The positive testimony by the plaintiff that he worked twelve hours per day makes a prima facie case. Standing alone and uncontradicted, it was sufficient to entitle him to a judgment, and the trial court erred in dismissing his action and rendering judgment for defendant for costs.

Reversed and remanded with directions to grant a new trial.

[1] Mentze v. Rice, 102 Kan. 855, 172 P. 516; First National Bank v. Lovett, 123 Kan. 405, 256 P. 147; Rowan v. Rosenthal, 113 Kan. 604, 215 P. 1008; Rusco v. DeGood, 127 Kan. 708, 275 P. 201, 203.