**RANKIN v. JONATHAN LOGAN, Inc.**

Clv. 534–49.

United States District Court
D. New Jersey.

June 26, 1951.

Frederick H. Miller, Glen Ridge, N. J., by Sylvester Carfield, Jersey City, N. J., for plaintiff.

Milton, McNulty & Augelli, Jersey City, N. J., by Joseph Keane, Jersey City, N. J., for defendant.

MODARELLI, District Judge.

This is an action under the provisions of the Fair Labor Standards Act, as amended, of June 25, 1938, 52 Stat. 1060, Title 29 U.S.C.A. § 201 et seq., to recover overtime compensation, liquidated damages, and counsel fees. Defendant contends the plaintiff is a bona fide executive, and, therefore, exempt from the coverage of the Fair Labor Standards Act by Section 213(a) thereof which declares that the wages and hours requirement shall not apply "to any employee employed in a bona fide executive * * * capacity," as that term is defined and limited by regulations of the Administrator, 29 U.S.C.A. § 213(a). Defendant further contends that the act or omission was in good faith, and that he had reasonable grounds for believing that his act or omission was not a violation.

The defendant was engaged in interstate commerce, in the manufacture, sale, and distribution of garments, dresses, and other clothing, in and between the States of New Jersey, New York, Illinois, and other states and countries, and shipped its products through the medium of the United States mails, express carriers, and trucking companies, from its plant at 83 Newark Avenue, Jersey City, New Jersey, to other states and countries.

The plaintiff was engaged by the defendant on a full time basis from January 17, 1949, to install, maintain, operate, and supervise the International Business Machine System of machines in the defendant's premises aforesaid. He manually assembled, set-up, and operated the following machines: Tabulator, Collator, Mark-Sensing Reproducer, and Summary

Punch, Interpreter and Sorter. He had from three (3) to six (6) girls at various times working under his supervision in the new department. The girls were trained by the IBM Company, and were engaged primarily in operating the Key Punch Machines. The whole operation constituted a production assembly line. After a trial period of some three (3) months, the defendant abandoned the IBM System, and the plaintiff was discharged on May 13, 1949. The proof clearly indicates that the plaintiff devoted more than fifty percent (50%) of his time in the actual manual operations of the IBM Machines and the balance in the supervision of the activities of the other employees on the machines.

I find that the plaintiff was not a bona fide executive under the Administrator's definition. There are six (6) conditions which must be met before an employee is exempt. 29 Code Fed.Regs., Section 541.1 (Cum.Supp.1950). If an employee falls short in any one category, he cannot be termed an executive, and the burden of proof is upon the defendant to show that the plaintiff is an executive within the definition set forth in the Administrator's regulations. Walling v. General Industries Co., 6 Cir., 1946, 155 F.2d 711; Kaczanowski v. Home State Bank, D.C.Wis.1948, 77 F.Supp. 602, 605; Walling v. Morris, 6 Cir., 1946, 155 F.2d 832, 835. This burden the defendant has failed to carry.

Section 216 of the Fair Labor Standards Act of 1938, as amended in 1947, was further amended by Section 260 of the 1947 Act, which states that: "if the employer shows to the satisfaction of the court that the act or omission * * was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation * * the court may, in its sound discretion, award no liquidated damages * * *."

As construed by the courts, this fact requires more than a mere contention that the defendant acted in good faith; there is a requirement of some proof of affirmative action by the employer to the end of determining how the employee should be classified and a consequent classification based upon the advice given.

In Ferrer v. Waterman S. S. Corp., D.C., 84 F.Supp. 680, 696, the court in construing Section 260 upheld the employer's good faith only after a showing that the defendant relied upon:

(a) The provisions of Interpretative Bulletin No. 4 to the effect that the collective bargaining agreement complied with the Fair Labor Standards Act.

(b) The advice of his attorneys.

(c) The advice of attorneys of other steamship companies.

(d) Upon the fact that the Unions themselves had submitted the contract and agreed to its terms.

The court also pointed out that the opinion of an employer's attorney alone may not be sufficient to constitute a defense, though it may bear upon the reasonableness of the defendant's attitude.

In Alicea v. Porto Rico Gas & Coke Co., D.C., 89 F.Supp. 938, 943, the employer was exempted again only after a showing that he had sought the advice of his attorney concerning the status of his employees, and further that defendant had contacted the Administrator of the Wage and Hour Division in Porto Rico. The court felt that the defendant's conduct was influenced by these consultations.

In this case, there has been no proof adduced by defendant to show in any way that the employer had a reasonable basis for classifying Rankin as an executive, other than defendant's conclusion that he was.

Unfortunately in this case, the plaintiff was not required "to punch a time clock" after he became regularly employed by the defendant corporation on January 17, 1949. That being so, I must determine from contradictory evidence the number of hours which the plaintiff worked overtime. This is a question of fact which must be determined from all of the evidence, Musteen v. Johnson, 8 Cir., 1943, 133 F.2d 106, and plaintiff's testimony must be weighed even though the defendant failed to keep time and overtime

records. Johnston v. Firemen's Ins. Co. of Newark, N. J., Sup.1946, 61 N.Y.S.2d 566. The burden is upon the employee to establish the existence and extent of overtime employment, Davies v. Onyx Oils & Resins, D.C. N.J.1946, 63 F.Supp. 777, and his own testimony though one element of evidence is not conclusive. De Pasquale v. Williams-Bauer Corporation, 2 Cir., 1945, 151 F.2d 578; George Lawley & Son Corporation v. South, 1 Cir., 1944, 140 F.2d 439, 151 A.L.R. 1081. Plaintiff claims that he worked an average of twenty-five (25) hours per week overtime from January 17, 1949 to May 13, 1949, a total of seventeen (17) weeks. Plaintiff was paid at the rate of $80 per week until March 26, 1949, and at the rate of $90 per week thereafter until May 13, 1949.

 I find that the plaintiff worked twelve (12) hours overtime each week and must be compensated accordingly for two hundred four (204) hours. Plaintiff is entitled to recover $643.50 as overtime compensation, $643.50 as liquidated damages, and counsel fees of $250.

The foregoing shall be taken as the Findings of Fact and Conclusions of Law.

An order may be submitted in conformity with the findings and conclusions herein expressed.