**James DE ROSE, Plaintiff,**

v.

**EASTERN PLASTICS, Inc., a Corporation, Defendant.**

**Civ. A. No. 10556.**

United States District Court
W. D. Pennsylvania.

Aug. 3, 1955.

Marvin D. Power, Margiotti & Casey, Pittsburgh, Pa., for plaintiff.

Maurice Louik, Harrison & Louik, Pittsburgh, Pa., for defendant.

JOHN L. MILLER, District Judge.

This is a motion for new trial in an action brought for the recovery of overtime compensation under the Fair Labor Standards Act, 29 U.S.C.A. § 201 et seq. Plaintiff recovered a verdict and judgment in the amount of $3,000, which was substantially less than the amount claimed by plaintiff in his testimony. The jury found, contrary to defendant's contention, that plaintiff was not employed in a bona fide executive capacity.

As to the alleged overtime worked, the plaintiff's evidence was that his hours invariably ran from 8:00 A.M. to 6, 7 or 8:00 o'clock in the evening, and that he worked on occasions from 24 to 28 hours at a stretch. He testified that in the first year and a half of his employment, he had never had more than three hours sleep at a stretch. He offered in evidence, and the court admitted, under objection by the defendant, a statement (plaintiff's exhibit 5) which was a calculation of the overtime hours claimed to have been worked by plaintiff. These figures had been arrived at, according to the plaintiff's testimony, by an average number of hours worked that he had estimated that he had worked during each month. This calculation, according to the plaintiff, was prepared late in 1954 after the pre-trial of the case, and was an estimate of the hours worked from February, 1950, to April, 1952. During the course of the trial, the memorandum was reduced to a weekly basis from the averages of the monthly basis, and it was this latter memorandum which the plaintiff introduced in evidence and which memorandum the court permitted the jury to have.

At the argument upon the motion, defendant rested his argument upon the alleged error of admitting into evidence the statement of the alleged number of overtime hours worked prepared by plaintiff.

The sole question thus raised is the admissibility of plaintiff's statement. It may be noted, however, that other evidence was adduced in support of plaintiff's case and that the question of plaintiff's credibility was for the jury. Many of the nonjury decisions cited by defendant, which necessarily turned to a great extent upon considerations of the sufficiency and credibility of the evidence by the judges as triers of the facts, are not applicable here. See Mornford v. Andrews, 5 Cir., 1945; 151 F.2d 511, 512;

Eakins v. Alvarada Broadcasting Co., D.C.D.N.M.1954, 125 F.Supp. 87; Ciemnoczolowski v. Q. O. Ordnance Corp., D.C.Neb.1954, 119 F.Supp. 793, 801; Miceli v. Kleinberger, D.C.E.D.N.Y.1951, 97 F.Supp. 518; Davies v. Onyx Oils & Resins, Inc., D.C.D.N.J.1946, 63 F.Supp. 777; Collins v. Burton-Dixie Corp., D.C. W.D.S.C.1944, 53 F.Supp. 821; Spier v. Gulf Coast Beverages, Inc., D.C.S.D.Fla. 1943, 50 F.Supp. 653.

The admission of plaintiff's statement should be considered, as the jury was bound to consider it, in the light of the court's instructions to the jury:

"In your deliberations and in arriving at your verdict, you will bear in mind that in an action of this kind the plaintiff has the burden of establishing his case by a preponderance of the evidence. Evidence which is uncertain or conjectural will not satisfy this burden.

\*     \*     \*     \*

"In this case the plaintiff has carried out his burden if he proves that he has, in fact, performed work for which he was improperly compensated, and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the defendant to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the defendant fails to produce such evidence, damages may be awarded to the plaintiff even though the result may be only approximate.

\*     \*     \*     \*

"The plaintiff has submitted an exhibit of his estimate of the overtime worked during the two-year period involved in this suit. The plaintiff has stated that this is not the exact number of hours which he worked but represents his best estimate and it is for you to determine whether the evidence submitted by the plaintiff is sufficient to show the amount and extent of that work as a matter of just and reasonable inference. You are not bound to accept the plaintiff's estimate if you believe it is too uncertain or conjectural."

Defendant's position is that plaintiff's statement was too uncertain and conjectural as a matter of law to be admissible in evidence and should not have gone to the jury.

■ At the trial, defendant did not deny that plaintiff had worked in excess of forty hours per week. The dispute between the parties was not as to the existence of hours worked in excess of forty, but as to the number of such hours. Defendant introduced no records of the number of hours worked by plaintiff. Under the Fair Labor Standards Act of 1938, 52 Stat. 1066, § 11, as amended, 29 U.S.C.A. § 211, and regulations promulgated thereunder, it was defendant's duty to make and preserve such records.

In these circumstances it is apparent that either recovery must be allowed upon evidence which is based upon estimation and recollection, or recovery must be denied. Which alternative must be chosen is clear from the opinion of the Court in Anderson v. Mt. Clemens Pottery Co., 1946, 328 U.S. 680, 686–88, 66 S.Ct. 1187, 1192, 90 L.Ed. 1515:

"An employee who brings suit under § 16(b) of the Act for unpaid minimum wages or unpaid overtime compensation, together with liquidated damages, has the burden of proving that he performed work for which he was not properly compensated. The remedial nature of this statute and the great public policy which it embodies, however, militate against making that burden an impossible hurdle for the employee. Due regard must be given to the fact that it is the employer who has the duty under § 11(c) of the Act to keep proper records of wages, hours and other conditions and practices of employment and who is in position to know and to produce the most probative facts concerning the na-

ture and amount of work performed. * * *

" * * * [W]here the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate. * * *

"The employer cannot be heard to complain that the damages lack the exactness and precision of measurement that would be possible had he kept records in accordance with the requirements of § 11(c) of the Act. And even where the lack of accurate records grows out of a bona fide mistake as to whether certain activities or non-activities constitute work, the employer, having received the benefits of such work, cannot object to the payment for the work on the most accurate basis possible under the circumstances. Nor is such a result to be condemned by the rule that precludes the recovery of uncertain and speculative damages. *That rule applies only to situations where the fact of damage is itself uncertain.* But here we are assuming that the employee has proved that he has performed work and has not been paid in accordance with the statute. The damage is therefore certain. The uncertainty lies only in the amount of damages arising from the statutory violation by the employer. In such a case 'it would be a perversion of fundamental principles of justice to deny all relief to the injured person, and thereby relieve the wrongdoer from making any amend for his acts.' * * * It is enough under these circumstances if there is a basis for a reasonable inference as to the extent of the damages." (Emphasis supplied.)

*See also* Foremost Dairies, Inc., v. Ivey, 5 Cir., 1953, 204 F.2d 186, 188; Handler v. Thrasher, 10 Cir.1951, 191 F.2d 120; Michigan Window Cleaning Co. v. Martino, 6 Cir., 1949, 173 F.2d 466, 468; Porter v. Poindexter, 10 Cir., 1947, 158 F.2d 759, 761; Murdick v. Cities Service Oil Co., 10 Cir., 1944, 145 F.2d 231; George Lawley & Son Corp. v. South, 1 Cir., 140 F.2d 339, 441, 151 A.L.R. 1081, certiorari denied, 1944, 322 U.S. 746, 64 S.Ct. 1156, 88 L.Ed. 1578; Joseph v. Ray, 10 Cir., 1943, 139 F.2d 409, 411–412; Sikes v. Williams Lumber Co., D.C.E.D.La.1954, 123 F.Supp. 853; Neal v. Braughton, D.C.W.D.Ark.1953, 111 F.Supp. 775; Rankin v. Jonathan Logan, Inc., D.C.D.N.J.1951, 98 F.Supp. 1, 3–4; Freeman v. Blake Co., D.C.Mass. 1949, 84 F.Supp. 700; Cameron v. Chichagof Min. Co., D.C.Alaska 1948, 82 F. Supp. 665, 668–669; Bloch v. Bell, D.C. W.D.Ky.1945, 63 F.Supp. 863, 865–66, modified on other grounds, 6 Cir., 1946, 152 F.2d 962.

The statement prepared by plaintiff in this case constituted "the most accurate basis possible under the circumstances" for the calculation of plaintiff's damages. Anderson v. Mt. Clemens Pottery Co., su-

pra, 328 U.S. at page 688, 66 S.Ct. 1187. Of course, the Anderson opinion precludes this court's following the expressions of judicial attitudes inconsistent therewith which may appear in earlier cases, e. g. Mornford v. Andrews, supra; Jax Beer Co. v. Redfern, 5 Cir.1941, 124 F.2d 172, 175; Collins v. Burton-Dixie Corp., supra; Spier v. Gulf Coast Beverages, Inc., supra.

The proper determination of whether any given evidence is based upon estimation and recollection on the one hand, or upon speculation and conjecture on the other hand, depends primarily upon factual considerations including, in this case, the credibility of the plaintiff. The jury was properly instructed to make that determination with respect to the oral testimony of plaintiff and his witnesses and the statement prepared by plaintiff. This court may not ignore the mandate of the Anderson case by drawing fine distinctions as a matter of law between estimates and speculations.

Plaintiff's written statement constituted his present testimony as to his recollection, on an estimated basis, of the number of hours he worked during the period in question. It was presented in written form as a matter of convenience for the reason that no trier of the facts could be expected to grasp and retain the information included in the statement if it had been presented merely in oral testimony. To have superimposed the fallibility of the jurors' memories upon that of plaintiff's memory would have been to compound the conceded inaccuracies of plaintiff's exhibit. In the opinion of the court, the use made of plaintiff's statement was proper. *See* 32 C.J.S., Evidence, § 698.

For the foregoing reasons, defendant's motion for a new trial will be denied.

The court is satisfied from the evidence presented at the trial that defendant's failure to pay overtime wages to plaintiff was in good faith, that defendant had reasonable grounds for believing that its failure to pay such wages was not unlawful, and that no liquidated damages should be awarded. *See* 61 Stat. 89, § 11 (1947), 29 U.S.C.A. § 260.

An attorney's fee to be paid by defendant shall be allowed in the amount of $1,000. Fair Labor Standards Act of 1938, as amended, § 16(b), 29 U.S.C.A. § 216(b).

An appropriate order is entered.