

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

NO. PD-1304-08

**PHILLIP JASON HALL, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON STATE'S PETITION FOR DISCRETIONARY REVIEW**
**FROM THE TENTH COURT OF APPEALS**
**JOHNSON COUNTY**

KEASLER, J., delivered the opinion of the Court in which MEYERS, PRICE, WOMACK, JOHNSON, HERVEY, HOLCOMB, and COCHRAN, JJ., joined. PRICE, J., filed a concurring opinion in which JOHNSON and HOLCOMB, JJ., joined. KELLER, P.J., dissented.

## O P I N I O N

At a suppression hearing, Phillip Jason Hall challenged the reliability of a LIDAR device that Officer Floyd Lee Phariss used to measure Hall's speed. Hall claimed that, because the State failed to prove the reliability of the LIDAR device, Officer Phariss's decision to stop him for speeding was not supported by probable cause. The Waco Court of Appeals held that the trial judge erred by failing to hold a Rule 702 *Kelly* gatekeeping

hearing to evaluate the device's reliability.[1] We disagree. Rule 702 does not apply to suppression hearings.[2] However, we affirm the court of appeals's judgment because it correctly determined that the stop was not supported by probable cause.

## Background

In July 2006, Officer Phariss stopped Hall without a warrant for speeding in the City of Venus on Highway 67. The Light Detection and Ranging (LIDAR) device that Officer Phariss used to monitor traffic indicated that Hall was traveling eleven miles per hour over the sixty-five mile-per-hour speed limit. While talking with Hall, Officer Phariss noticed that Hall's breath smelled of alcohol. Officer Phariss's partner, Officer John Crane, ordered Hall to perform several field sobriety tests. Based on Hall's performance on the tests, Officers Phariss and Crane concluded that Hall was intoxicated and arrested him for driving while intoxicated (DWI).

Hall was charged with DWI. Before his jury trial, Hall filed a motion to suppress. He claimed that the State was required to prove, by clear and convincing evidence, that Officer Phariss had probable cause or reasonable suspicion to stop Hall. In support of his claim, Hall cited our decision in *Kelly v. State*.[3] In that case, we held that, under Rule 702

---

[1] *Hall v. State*, 264 S.W.3d 346, 350 (Tex. App.—Waco 2008).

[2] *Granados v. State*, 85 S.W.3d 217, 227 (Tex. Crim. App. 2002).

[3] 824 S.W.2d 568 (Tex. Crim. App. 1992); *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) (adopting the same reliability and relevance standard).

of the Texas Rules of Evidence, the proponent of scientific evidence must show, by clear and convincing evidence, that the proffered evidence is reliable before it can be admitted into evidence.[4]

During the pretrial suppression hearing, Hall expanded on the argument presented in his motion. He maintained that for the results of the LIDAR device to be admissible at trial under *Kelly*, a scientific expert must testify that the machine is "scientifically correct and reliable." He then asked the judge to suppress "the probable cause" and grant his suppression motion. The State responded, contending first that the standard for admissibility of scientific evidence is not applicable to motions to suppress and that the laser device does not constitute novel scientific evidence. The State also argued that the good faith exception to the warrant requirement is applicable in this case.

> [T]he standard here is reasonable suspicion. We're not getting to any level higher than that. All [Officer Phariss] has to be able to testify to is that he reasonably suspected, upon the results, that [Hall] was speeding. That's the same reason why, legally we're allowed to have a good faith exception on a resident search warrants [sic]." As long as the officer reasonably relies on what's provided to him, then they're allowed to proceed further and investigate, and that's exactly what he did here.

Testifying about his use of the LIDAR device on the night that he stopped Hall, Officer Phariss stated that, before his shift he turned on the device and that it initiated a self-test process. Officer Phariss stated that the device indicated that it passed all the "functions." Officer Phariss explained that there is a little sight on top of the device; "[i]nside of that site's

---

[4] *Id*. at 572.

[sic] a small red dot. And once you place that red dot on the vehicle and you push the trigger switch, it will send out a laser and that will read the speed of the vehicle . . . ." Officer Phariss stated that he was not certified to use the device and that he was uncertain whether anyone maintained the device to ensure its reliability and accuracy. Finally, Officer Pharris stated that the LIDAR device provided the sole basis for stopping Hall.

Without entering any factfindings or conclusions of law, the trial judge denied Hall's motion. The jury later found Hall guilty, and the trial judge sentenced Hall to 180 days in jail and assessed a $1,000 fine. The judge then suspended Hall's sentence and placed him on probation for two years.

## Court of Appeals

In his sole point of error, Hall argued in the Waco Court of Appeals that Officer Phariss did not have probable cause to stop him for speeding because the State failed to prove that the LIDAR device was reliable.[5] Over Chief Justice Gray's dissent, the court of appeals agreed with Hall. The court determined that, under Rule 702, as interpreted in *Kelly v. State*, the State failed to prove the reliability of LIDAR technology.[6] In making this determination, the court observed that there are no Texas authorities confirming the reliability or admissibility of LIDAR technology.[7] As a result, the court concluded "that LIDAR

---

[5] *Hall*, 264 S.W.3d at 348.

[6] *Id.* at 350.

[7] *Id.*

technology is novel scientific evidence which may be admissible only after its reliability has been judicially determined in a "full-blown [Rule 702] 'gatekeeping' hearing under *Kelly*."[8] Finally, "[n]otwithstanding the admissibility of LIDAR evidence," the court rejected the State's argument that the LIDAR device confirmed Officer Phariss's observation that Hall was speeding.[9] Officer Phariss offered no testimony suggesting that he, independent of the LIDAR device, observed Hall speeding.[10] The court then reversed the trial court's judgment, holding that the trial judge "abused [his] discretion by denying Hall's pretrial suppression motion because the State failed to prove the reliability of the LIDAR technology . . . ."[11] As a result, the court reversed and remanded the case for proceedings consistent with its opinion.[12]

## State's Petition for Discretionary Review

We granted the State's petition for discretionary review to decide whether the court of appeals erred by holding that the trial judge was required to hold a Rule 702 *Kelly* gatekeeping hearing "to determine the scientific reliability of information relied upon by the arresting officer as probable cause for the stop."

---

[8] *Id.*

[9] *Id.*

[10] *Id.*

[11] *Id.*

[12] *Id.*

## Analysis and Disposition

Rule 702, which governs the admissibility of expert testimony at trial:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact issue, a witness qualified as an expert by knowledge, skill, expertise, training, or education may testify thereto in the form of an opinion or otherwise.[13]

As mentioned above, when interpreting Rule 702 in *Kelly*, we held that the trial judge, as the gatekeeper, must determine whether an expert's testimony on a scientific theory is reliable and relevant to the factfinder.[14]

We conclude that the court of appeals erred in applying Rule 702. Texas Rule of Evidence 101, which defines the title and scope of the rules, specifically provides that the Rules of Evidence, with the exception of those that concern privileges, do not apply to suppression hearings.[15] Thus, evidence that is otherwise inadmissible at trial under the Rules of Evidence may well be admissible at a suppression hearing. So in this case, because Rule 702's requirements, as set out in *Kelly*, do not apply to suppression hearings, there is no threshold admissibility determination under the Rules of Evidence. Therefore, we hold that the court of appeals erred to conclude that the trial judge, in ruling on the admissibility of the

---

[13] TEX. R. EVID. 702 (Vernon 2003) (eff. Mar. 1, 1998) (originally promulgated in 1986 in the Texas Rules of Criminal Evidence).

[14] *Kelly*, 824 S.W.3d at 572.

[15] *Granados*, 85 S.W.3d at 227; *see also United States v. Outlaw*, 134 F. Supp. 807, 810 (W.D. Tex. 2001) ("A *Daubert* hearing is the wrong procedural vehicle through which to challenge the reliability of a canine alert" for purposes of determining whether a law enforcement official had probable cause to detain a passenger on a Greyhound bus.).

LIDAR technology, as utilized in this case, was required to hold a Rule 702 *Kelly* gatekeeping hearing to determine the reliability of that technology.

Next, we turn to the court of appeals's disposition of the case. The court ultimately ruled that the evidence did not establish probable cause.[16] Probable cause exists when the facts and circumstances, based on reasonably trustworthy information, are sufficient to warrant a reasonable person to believe that a crime has been committed.[17] "[P]robable cause[] is dependent upon both the content of information possessed by police and its degree of reliability."[18] The information used to establish probable cause must be more reliable than that used to establish reasonable suspicion.[19] Here, the court of appeals concluded that the State's failure to establish the reliability of LIDAR technology under *Kelly* resulted in the State's failure to satisfy probable cause's "reasonably trustworthy information" requirement. So while we have already concluded that the court of appeals erred to require a *Kelly* hearing, we must ask whether it erred in holding that the trial judge's decision to deny Hall's suppression motion was wrong. We conclude that the court of appeals did not err. First, as noted by the court of appeals, there was no evidence that the LIDAR device was used to confirm Officer Phariss's independent, personal observation that Hall was speeding. Second,

---

[16] *Hall*, 264 S.W.3d at 350.

[17] *Ornelas v. United States*, 517 U.S. 690, 696 (1996) (citing *Brinegar*, 338 U.S. at 175-76); *Adams v. Williams*, 407 U.S. 143, 148 (1972).

[18] *Alabama v. White*, 496 U.S. 325, 330 (1990).

[19] *Id.*

the record reveals that there was absolutely no evidence to show that use of LIDAR technology to measure speed supplies reasonably trustworthy information or that the trial judge took judicial notice of this fact, as well as his basis for doing so. As a result, the State failed to establish that Officer Phariss, who relied solely on LIDAR technology to conclude that Hall was speeding, had probable cause to stop Hall. Our holding today is limited to the facts of this case. It is likely that in some future case, it will become necessary for a court to decide what quantum or quality of information is necessary establish the reliability (i.e., reasonable trustworthiness) of LIDAR technology for measuring speed when a defendant challenges the reliability of that information to defeat probable cause at a pretrial suppression hearing.

### Conclusion

The court of appeals erred to hold that a Rule 702 *Kelly* gatekeeping hearing is required to show the reliability of LIDAR technology to measure speed at a hearing on a motion to suppress. Nevertheless, the court of appeals correctly held that the trial judge abused his discretion when denying Hall's suppression motion because there was no evidence that LIDAR technology, as used in this case, supplied probable cause for the stop. The court of appeals's judgment is therefore affirmed.

DATE DELIVERED: September 16, 2009
PUBLISH